[No. F062701. Fifth Dist. Oct. 5, 2012.]

MARIA DOLORES JIMENEZ PEREZ, Plaintiff and Appellant, v.
GOLDEN EMPIRE TRANSIT DISTRICT, Defendant and Respondent.

COUNSEL

The Advocates Law Firm and Francisco J. Aldana for Plaintiff and Appellant.

Clifford & Brown, Jeremy J. Schroeder and Christopher J. Hagan for Defendant and Respondent.

OPINION

**FRANSON, J.**—Plaintiff Maria Dolores Jimenez Perez filed this negligence action against defendant Golden Empire Transit District (Transit District) for injuries she received while exiting a bus. The issue on appeal is whether plaintiff properly alleged compliance with the claim presentation requirement in the Government Claims Act (Gov. Code, § 810 et seq.)[1] or whether her allegations establish that she failed to comply with the statute.

Transit District filed a demurrer contending that plaintiff's claim was defective because (1) it failed to include the date of the occurrence, which is required by subdivision (c) of section 910; (2) plaintiff was notified of the omission; and (3) plaintiff failed to file an amended claim curing the omission.

Plaintiff's first amended complaint alleged that a representative of Transit District called her representative, stated no date was included in the claim, and requested the date of the incident be provided. Plaintiff alleged she "subsequently provided the date of the incident to said representative, thus complying with the requirements of the government tort claim statute." Under the rules governing appellate review of a general demurrer, we cannot interpret plaintiff's allegations that she subsequently provided the date to mean that she failed to amend her claim. Also, we conclude her allegations regarding compliance with the claim requirement are sufficient under Code of Civil Procedure section 459, which addresses pleading performance with statutory conditions. Therefore, the demurrer should have been overruled.

We therefore reverse the judgment.

## FACTS AND PROCEEDINGS

Plaintiff, a resident of Kern County, filed a negligence action against Transit District. Transit District is a "[l]ocal public entity" for purposes of the Government Claims Act. (§ 900.4.)

---

[1] All further statutory references are to the Government Code unless otherwise stated. In accordance with the Supreme Court's discussion in *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730 [68 Cal.Rptr.3d 295, 171 P.3d 20], we will refer to the act as the "Government Claims Act" instead of the "Tort Claims Act." (42 Cal.4th at p. 742.)

Plaintiff alleges that on July 15, 2009, she was a passenger on a bus operated by Transit District and was injured while exiting the bus due to the carelessness of the bus driver.

Transit District's demurrer asserted that plaintiff's lawsuit is barred because she failed to comply with the Government Claims Act's claim presentation requirement before filing her complaint. Because a demurrer admits the truth of properly pleaded facts, the contents of plaintiff's first amended complaint related to the claim presentation requirement are set forth here in full:

"15. Plaintiff is required to comply with a claims statute and has complied.

"16. On July 15, 2009, Stephanie Salcido, a special rider, customer service representative, employed by [Transit District], took a report regarding the herein alleged incident, wherein plaintiff alleges she was injured. The representative from [Transit District] informed plaintiff, that [Transit District] would pay for all her damages.

"17. On January 15, 2010, Plaintiff filed a timely claim complying with the required claims statute.

"18. On or about January 19, 2010, a [Transit District] representative called Plaintiff's representatives stating there was no date on the claim and requested that date of the incident be provided. Plaintiff subsequently provided the date of the incident to said representative, thus complying with the requirements of the government tort claim statute."

Transit District supported its demurrer with a request for judicial notice of (1) the claim form submitted to Transit District by plaintiff, (2) Transit District's February 3, 2010, letter to plaintiff's attorney stating the claim was insufficient because it omitted the date of the alleged incident, and (3) a March 3, 2010, letter from Transit District's attorney to plaintiff's attorney stating that the claim had been rejected. The trial court denied Transit District's request for judicial notice. Therefore, we will not provide a further description of the three documents.

Transit District's demurrer asserted that plaintiff's claim failed to include information essential to its validity—namely, the date of the occurrence. Transit District contended that plaintiff's negligence action was barred by her failure to present a valid claim as required by the Government Claims Act.

At the beginning of the hearing on the demurrer, the trial court stated its tentative decision was to overrule the demurrer. The court also stated it would not take judicial notice of the claim and facts stated therein and expressed a concern about converting the demurrer into a motion for summary judgment. After hearing argument from counsel, the court took the matter under submission.

On February 14, 2011, the trial court filed an order for judgment of dismissal and entry of dismissal stating that the demurrer to the first amended complaint was sustained without leave to amend. The order provided the following rationale: "Paragraph 18 of the subject complaint makes it clear on the pleading that the claim filed by plaintiff lacked a date of the incident and thus was defective. The paragraph also makes it clear that the claim was not amended; rather a date was otherwise communicated. Thus the complaint clearly alleges that the claim is 'fatally' defective."

Plaintiff filed a motion to reconsider and set aside the order. In March 2011, the trial court filed a minute order denying the motion. In April 2011, plaintiff filed an application for an ex parte order on a motion to reconsider and set aside the judgment. On May 2, 2011, the court filed (1) an order denying the application and (2) an order for judgment of dismissal and entry of dismissal.[2]

On June 9, 2011, plaintiff filed a notice of appeal from the May 2, 2011, order denying the application to reconsider and set aside the order sustaining the demurrer. After Transit District filed a motion to dismiss the appeal, this court entered an order directing that the notice of appeal be treated as though taken from the May 2, 2011, judgment of dismissal instead of the May 2, 2011, order denying the application to reconsider.

## DISCUSSION

### I. Basic Principles Regarding Claim Filing Requirement

Under the Government Claims Act, a person may not sue a public entity for personal injury unless he or she presents a timely written claim for damages to the public entity. (§§ 911.2, subd. (a), 945.4.) Section 905 requires that "all claims for money or damages against local public entities" must be "presented in accordance with Chapter 1 (commencing with Section

---

[2] This order for judgment of dismissal and entry of dismissal is the same as the document filed on February 14, 2011.

900) and Chapter 2 (commencing with Section 910) . . . ." Such claims must be presented to the public entity "not later than six months after the accrual of the cause of action." (§ 911.2, subd. (a).)

Section 910 governs the contents of claims presented to both state and local entities. The language relevant to this appeal states: "A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following: [¶] . . . [¶] (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted." (§ 910.)

■ The requirement for advance notice of the claim has at least three purposes. First, it provides the public entity with sufficient information to enable it to perform an adequate investigation of the claim and, if appropriate, settle it without the expense of litigation. (*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority* (2004) 34 Cal.4th 441, 446 [20 Cal.Rptr.3d 176, 99 P.3d 500].) Second, the written claim informs the public entity of potential liability so it can better prepare for the upcoming fiscal year. (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776 [39 Cal.Rptr.2d 860].) Third, in certain situations, the claim provides the public entity an opportunity to fix a dangerous condition and avoid further injuries. (*San Diego Unified Port Dist. v. Superior Court* (1988) 197 Cal.App.3d 843, 847 [243 Cal.Rptr. 163].)

The claim filing requirement is not designed to eliminate meritorious lawsuits or to snare the unwary when the requirement's purpose has been satisfied. (*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority, supra*, 34 Cal.4th at p. 446.) Thus, claims are not required to be technically perfect. The claim need only substantially comply with all of the statutory requirements. (*Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 38 [52 Cal.Rptr.3d 720] [doctrine of substantial compliance]; see *City of Stockton v. Superior Court, supra*, 42 Cal.4th at p. 745, fn. 11 [substantial compliance "demands at least some compliance with all the statutory claim requirements"].) Furthermore, if a claim presented does not substantially comply with the claim filing requirement, the public entity must advise the claimant of the deficiencies or lose the right to assert the noncompliance as an affirmative defense. (*Connelly v. County of Fresno*, at p. 38; see *City of Stockton*, at p. 745, fn. 11.)

Section 910.8 sets forth the public entity's obligation to warn the claimant of defects in the claim document: "If, in the opinion of the board or the

person designated by it, a claim as presented fails to comply substantially with the requirements of Sections 910 and 910.2, . . . the board or the person may, at any time within 20 days after the claim is presented, give written notice of its insufficiency, stating with particularity the defects or omissions therein."

█ The public entity may not take action on the claim for 15 days after the written notice is given. (§ 910.8.) In addition, a claim may be amended at any time before final action is taken by the public entity and the amendment will be considered part of the original claim for all purposes. (§ 910.6, subd. (a).) As a result of these provisions, claimants who are warned of a defect have an opportunity to amend the claim and cure the defects. Alternatively, if a claimant is not warned about a defect or omission in the claim as presented in accordance with section 910.8, the public entity waives any defense as to the sufficiency of the claim. (§ 911.)

## II. *Standard of Review*

### A. *General Principles*

When a trial court sustains a demurrer on the ground that the complaint "does not state facts sufficient to constitute a cause of action" (Code Civ. Proc., § 430.10, subd. (e)), the appellate court conducts a de novo review— that is, it independently decides whether the allegations are sufficient. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171].)

When conducting this de novo review, "[w]e give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. [Citations.]" (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865 [62 Cal.Rptr.3d 614, 161 P.3d 1168].) We also consider matters that have been judicially noticed. (Code Civ. Proc., § 430.30, subd. (a) [use of judicial notice with demurrer]; *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 [40 Cal.Rptr.3d 205, 129 P.3d 394].)

Where a pleading includes a general allegation, such as an allegation of an ultimate fact, as well as specific allegations that add details or explanatory facts, it is possible that a conflict or inconsistency will exist between the general allegation and the specific allegations. To handle these contradictions,

California courts have adopted the principle that specific allegations in a complaint control over an inconsistent general allegation. (*Skopp v. Weaver* (1976) 16 Cal.3d 432, 437 [128 Cal.Rptr. 19, 546 P.2d 307]; 4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 450, p. 584.) Under this principle, it is possible that specific allegations will render a complaint defective when the general allegations, standing alone, might have been sufficient. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1390 [272 Cal.Rptr. 387]; 49A Cal.Jur.3d (2010) Pleading, § 67, p. 112.)

### B. *How to Plead Compliance with the Claims Requirement*

 The California Supreme Court has addressed how the claims presentation requirement contained in the Government Claims Act should be conceptualized from a pleading perspective. (*State of California v. Superior Court* (2004) 32 Cal.4th 1234 [13 Cal.Rptr.3d 534, 90 P.3d 116].) The court stated that the requirement is not merely procedural, but is a condition precedent to maintaining a cause of action and, thus, is an element of the plaintiff's cause of action. (*Id.* at p. 1240.) As a result, the "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." (*Id.* at p. 1239.) The court, however, did not identify the facts that must be alleged to demonstrate compliance. Also, the court did not explicitly authorize or prohibit a general allegation of compliance with the claim presentation requirement.

In the absence of explicit guidance from our Supreme Court, we refer to the rules of pleading enacted by the California Legislature. The Supreme Court's description of the claim requirement as a "condition precedent" leads us to Code of Civil Procedure section 459, which provides in part: "In pleading the performance of conditions precedent under a statute . . . , it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part required thereby . . . ."

 In *Ley v. Babcock* (1931) 118 Cal.App. 525 [5 P.2d 620], the defendant contended the plaintiff's allegation that a trustee's sale occurred after due notice " 'in full compliance with the provisions of section 692 of the Code of Civil Procedure' " was a mere conclusion of law and subject to demurrer. (*Id.* at p. 527.) The court disagreed, concluding that under section 459 of the Code of Civil Procedure it was "sufficient to plead that the party duly performed all the conditions on his part required by the statute on which he depends." (*Ley v. Babcock, supra*, at p. 527.)

Therefore, we conclude that a plaintiff may allege compliance with the claims presentation requirement in the Government Claims Act by including a general allegation that he or she timely complied with the claims statute.[3]

This conclusion is consistent with the approach taken by the Judicial Council in its pleading forms. For example, item 9 on page 2 of Judicial Council form PLD-PI-001 (rev. Jan. 1, 2007) allows a plaintiff to allege compliance by checking boxes stating: "Plaintiff is required to comply with a claims statute, **and** [¶] . . . has complied with applicable claims statutes . . . ."

III. *Analysis of Plaintiff's Allegations*

A. *General Allegation of Compliance*

Paragraph 17 of plaintiff's first amended complaint set forth the following allegation: "On January 15, 2010, Plaintiff filed a timely claim complying with the required claims statute."

Transit District argues that this allegation is a legal conclusion that should not be accepted as true for purposes of the demurrer. (See *City of Dinuba v. County of Tulare, supra*, 41 Cal.4th at p. 865 [courts reviewing a demurrer do not assume the truth of conclusions of law].) At oral argument, however, Transit District acknowledged that paragraph 17, standing alone, falls within section 459 of the Code of Civil Procedure and is sufficient to plead compliance with the claim presentation requirement.

We conclude the general allegation in paragraph 17 of the first amended complaint is sufficient to plead compliance with the claim presentation requirement of the Government Claims Act. (Code Civ. Proc., § 459.) This conclusion, however, does not mark the end of our inquiry. We, like the trial court, must consider whether the specific allegations set forth in paragraph 18 of the first amended complaint contradict plaintiff's general allegation of compliance and justify sustaining the demurrer without leave to amend.

B. *Specific Allegations About Providing the Date of the Incident*

Paragraph 18 of the first amended complaint sets forth the following allegations: "On or about January 19, 2010, a [Transit District] representative

---

[3] We conclude that the specific rule in Code of Civil Procedure section 459 controls over the general rule that statutory causes of action must be pleaded with particularity. (See *Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795 [221 Cal.Rptr. 840, 710 P.2d 907] [all government tort liability is statutory because of the Government Claims Act].)

called Plaintiff's representatives stating there was no date on the claim and requested that date of the incident be provided. Plaintiff subsequently provided the date of the incident to said representative, thus complying with the requirements of the government tort claim statute."

Transit District interprets paragraph 18 as admitting two critical facts. First, the claim did not include the date of occurrence. Second, plaintiff did not present an amendment correcting the omission. Based on subdivision (c) of section 910, which requires the claim to include the date of the occurrence, Transit District contends plaintiff did not present a valid claim and, therefore, plaintiff's action against Transit District is barred. Stated otherwise, Transit District asserts that the first amended complaint establishes on its face that plaintiff did not comply with the Government Claims Act.

Transit District justifies its interpretation of paragraph 18 by referring to the principle that a court reviewing a demurrer "must also accept as true those facts that may be implied or inferred from those expressly alleged." (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501 [82 Cal.Rptr.2d 368].) Transit District's reliance on this rule suggests it believes that a defendant is entitled to have inferences drawn in its favor, which is the equivalent of arguing that the complaint should be construed against the plaintiff.

Transit District's position regarding the interpretation of the allegations in the first amended complaint is contrary to California law. The California Legislature explicitly repudiated the common law view that a pleading must be taken most strongly against the pleader and adopted a rule of liberal construction. Code of Civil Procedure section 452 provides in full: "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." This rule of liberal construction means that the reviewing court draws inferences favorable to the plaintiff, not the defendant. (*Carney v. Simmonds* (1957) 49 Cal.2d 84, 93 [315 P.2d 305]; *Advanced Modular Sputtering, Inc. v. Superior Court* (2005) 132 Cal.App.4th 826, 835 [33 Cal.Rptr.3d 901] ["pleadings are to be liberally construed in favor of the pleader . . ."].)

For purposes of this appeal, we will assume that it is reasonable to infer from the allegations in paragraph 18 that plaintiff's initial written claim did not include the date the incident occurred. Consequently, the critical question concerns the inferences that should be drawn from plaintiff's allegation that she "subsequently provided the date of the incident to said representative,

thus complying with the requirements of the government tort claim statute." This allegation does not identify how the date of incident was provided to Transit District's representative. For instance, it does not state whether the date was provided by oral or written means, much less whether an amended claim form, a letter or some other document was used. (See *Isaacson v. City of Oakland* (1968) 263 Cal.App.2d 414 [69 Cal.Rptr. 379] [attorney's letter was regarded as a continuation of negotiations, rather than an amendment to the claim].)

■ We conclude that it is reasonable to interpret plaintiff's allegations to mean that she provided the date of the incident to Transit District's representative by amending the claim in accordance with the requirements for amendment set forth in section 910.6. This interpretation renders the last sentence of paragraph 18 internally consistent because that sentence states that she provided the date, "thus complying with the government tort claim statute." The contrary interpretation—that plaintiff provided the date in a manner that did not amend her claim—contradicts her general allegation that she provided the date and thus complied with the Government Claims Act. We recognize that paragraph 18 is reasonably susceptible to either interpretation, but conclude that the pleading must be liberally construed with inferences drawn that are favorable to plaintiff. As a result, we conclude plaintiff adequately *alleged* that she complied with the claims presentation requirement.[4] Accordingly, the demurrer should have been overruled.

## IV. *Transit District's Motion for Judicial Notice*

On February 23, 2012, Transit District filed a motion for judicial notice that requested this court take judicial notice of plaintiff's claim form for the purpose of establishing that it omitted the date of the occurrence.

On March 13, 2012, this court filed an order stating that a ruling on the motion would be deferred pending further court order.

We deny the motion because we assumed for purposes of this appeal the fact that Transit District hoped to establish by its request—namely, that the claim originally submitted by plaintiff omitted the date of the occurrence that caused her injuries. Because of this assumption, no purpose would be served by taking judicial notice of the claim.

---

[4] Our inquiry into the sufficiency of the pleadings is not determinative of the issue of compliance with the claims statute. Whether plaintiff will be able to *prove* she did, in fact, comply "will be an altogether different matter." (*Mendoza v. County of Tulare* (1982) 128 Cal.App.3d 403, 414 [180 Cal.Rptr. 347].)

## DISPOSITION

The judgment of dismissal is reversed. The trial court is directed to vacate its order sustaining the demurrer and to enter a new order overruling the demurrer. Plaintiff shall recover her costs on appeal.

Respondent's February 23, 2012, motion for judicial notice is denied.

Cornell, Acting P. J., and Poochigian, J., concurred.