Filed 2/7/14  Hall v. Sacramento Cty. Sheriff's Dept. CA3

# <u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Sacramento)

----

| | |
|---|---|
| JAMA ANTHONY HALL, | C071705 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2010-00089201-CU-PO-GDS) |
| v. | |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT et al., | |
| Defendants and Respondents. | |

The trial court dismissed plaintiff Jama Anthony Hall's action for wrongful arrest against defendants the Sacramento County Sheriff's Department, an individual defendant identifies as "Officer Black, badge [No.] 878," and Doe defendants, after it sustained

1

without leave to amend defendants' demurrer to Hall's first amended complaint.[1]  The trial court accepted defendants' argument that plaintiff failed to state a cause of action because the complaint "has failed to allege detailed and specific facts supporting the inference that [plaintiff] complied with the presentation requirement" and plaintiff failed to provide "documentation or facts substantiating his complaint."

In this pro se appeal, Hall contends the court erred in sustaining the demurrer without leave to amend on the ground he failed to present a claim within the six-month period required by the Government Claims Act (the Act) (Gov. Code, § 810 et seq.), a prerequisite to his maintaining this action.[2]

We agree with plaintiff that the allegations of the operative complaint adequately allege his compliance with the Act's claims presentation requirement, and the demurrer should not have been sustained.  (See *Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1235-1237 (*Perez*).)  Accordingly, we shall reverse the judgment of dismissal, and direct the trial court to enter an order overruling defendants' demurrer to the first amended complaint.

## STANDARD OF REVIEW

Because this is an appeal following successful demurrers, we accept as true all facts properly pleaded in plaintiff's complaints, and also incorporate any facts of which

---

[1]  On the notice of appeal, plaintiff indicates his name is Anthony Jama Hall, rather than Jama Anthony Hall.  In his first amended complaint, Hall sets forth his name as "Anthony aka Jama Hall" and "Jama A. Hall."  Without a notice of change of name in the record, we use plaintiff's name as it appears on the judgment of dismissal, Jama Anthony Hall.

[2]  Undesignated statutory references are to the Government Code.  (See also *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 741-742 & fns. 6, 7 (*City of Stockton*).)

we may take judicial notice.  (*Gu v. BMW of North America, LLC* (2005) 132 Cal.App.4th 195, 200.)

## PROCEDURAL BACKGROUND

### *The Original Complaint and First Demurrer*

Plaintiff's original complaint, filed pro se October 12, 2010, alleges he was arrested without probable cause on October 10, 2009, allegedly for misdemeanor public drunkenness (Pen. Code, § 647, subd. (f)).  After he was detained for 10 hours in jail, plaintiff was released without charges.  The complaint purported to state a single cause of action for intentional tort, and sought unspecified damages for "emotional distress, inconvenience, humiliation, and other general damages."

As relevant to this appeal, plaintiff checked the box on the Judicial Council form complaint stating he "has complied with applicable claims statutes."

Defendants demurred to the complaint on the ground that, although plaintiff checked the box indicating he had complied with the applicable claims statute, the complaint failed to allege any facts or incorporate any documentation showing he in fact filed his lawsuit within six months of the rejection of his claim by Sacramento County, as required by section 945.6.

Plaintiff opposed the demurrer, and asserted he had complied with the Act.  In support of his opposition to the demurrer, plaintiff submitted various documents, including:

(1)  A letter dated April 23, 2010, entitled "Notice of Rejection of Claim," which informs plaintiff that "the claim which [he] presented to the County of Sacramento on October 20, 2009 [was] rejected by operation of law on December 3, 2009.  [¶] WARNING  [¶]  Subject to certain exceptions, you have only six (6) months from the date that this notice was personally delivered, or deposited in the mail, to file a court

3

action on this claim. See Government Code § 945.6. [¶] You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately." The letter was signed by an individual claims administrator of George Hills Company, Inc., and across the bottom of the letter is printed the following legend in all capital letters: "George Hills Company Inc is an authorized agent for the County of Sacramento." (Capitalization omitted.)

(2) A form "Claim Against the County of Sacramento" dated May 8, 2010, which incorporates by reference a two-page "Citizen Complaint Form" with the Sacramento County Sheriff's Department on November 5, 2009, which describes plaintiff's alleged exchange with the sheriff's deputies that preceded his October 10 detention.

No oral argument was requested on defendants' demurrer to the original complaint, so the trial court affirmed its tentative ruling sustaining the demurrer with leave to amend. "Although plaintiff checked box 9a on the Judicial Council form complaint for personal injury, signifying that he 'has complied with applicable claims statutes,' that allegation is insufficient. Compliance 'with the claims statute is an element of plaintiff's cause of action.' *Wood v. Riverside General Hospital* (1994) 25 Cal.App.4th 1113, 1119. Therefore, plaintiff must plead facts to establish compliance, rather than a mere conclusion that he has complied. Finally, argument in plaintiff's opposition memorandum does not correct the absence of allegations in the complaint. [¶] Plaintiff may file and serve an amended complaint no later than July 25, 2011."

*The First Amended Complaint and Second Demurrer*

The first amended (operative) complaint is, like the original complaint, based on allegations plaintiff was arrested without probable cause. Unlike the original complaint, however, it also alleges defendant Officer Black badge No. 878 and unnamed others "maliciously seized, grabbed, shoved, and pushed, and twisted plaintiff's arms and hands," handcuffed him by force and threats, denied his request for a breathalyzer and

4

blood test, and used the "N-word" while verbally assaulting and abusing plaintiff with the intent to humiliate, intimidate, discriminate against, and torture plaintiff. The first amended complaint sought general and exemplary damages on theories (among others) of false arrest and false imprisonment, deprivation and denial of plaintiff's civil rights under state and federal law, negligence, assault and battery, conspiracy, and intentional and negligent infliction of emotional distress.

As relevant to this appeal, the operative complaint also alleged, under the heading "Presentation of Claim," that "[o]n October 20, 2009[,] plaintiff filed a claim with defendant County of Sacramento, through its clerk for the injuries, losses, and damages suffered and incurred by him by reason of the above described events, all in compliance with the requirements of section 905 of the Government Code. Notice of rejection was not initially provided by defendant [C]ounty of Sacramento, whereby plaintiff contact[ed] defendant [C]ounty of Sacramento as to the failed response, to which defendants did officially provide plaintiff a Notice of Rejection of the claim dated April 23, 2010, though defendant provides in the notice of rejection [that] plaintiff['s] claim was rejected by operation of law on December 3, 2009. [¶] . . . The notice of rejection indicated that plaintiff had 'only six months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.' "

Defendants again demurred on the ground the complaint failed to state a cause of action against them because plaintiff failed to meet the claims presentation requirement of the Act, in that he "has failed to allege detailed and specific facts supporting the inference that he complied with the presentation requirement" and failed to provide "documentation or facts substantiating his complaint." Defendants urged the trial court to sustain their demurrer without leave to amend because plaintiff "never attaches nor does he adequately discuss the actual filing of the original tort claim" and he fails in the

5

amended complaint to "address to whom it was sent, if anyone, and more importantly[,] if it was received."

The trial court sustained defendants' demurrer to the first amended complaint "for the reasons stated in the moving papers." Moreover, "[s]ince plaintiff failed to oppose this demurrer and/or demonstrate how the defects in the amended complaint might be cured, the Court decline[d] to grant leave to amend." A judgment of dismissal was entered on June 28, 2012.

## DISCUSSION

Hall contends on appeal that the trial court erred in entering judgment[3] in defendants' favor. For reasons we explain, we agree.

### I. Applicable Rules Governing This Appeal

A demurrer tests the sufficiency of a complaint. *(Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650.) On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law. (*Ibid*.) Upon reviewing a judgment of dismissal following the sustaining of a demurrer, we may affirm " 'on any grounds stated in the demurrer, whether or not the [lower] court acted on that ground.' " (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.)

Where, as here, a trial court sustains a demurrer alleging that the plaintiff failed to state facts sufficient to constitute a cause of action, we must affirm the judgment of dismissal if the complaint fails for any reason to state a cause of action (*Carman v.*

---

**3** Plaintiff mistakenly refers to the trial court's action as one granting summary judgment.

6

*Alvord*, *supra*, 31 Cal.3d at p. 324) and when, again as here, the demurrer has been sustained without leave to amend, we decide whether there is a reasonable possibility the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

Lack of legal counsel does not entitle a litigant to special treatment. A party representing himself or herself is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants and attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; see *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121 [self-represented parties are held to the "the same 'restrictive procedural rules as an attorney' "].)

## II. Defendants' Demurrer Was Improperly Sustained

The Act authorizes limited governmental liability for injuries suffered as a result of the acts or omissions of public entities or their employees. (§§ 815.2, 815.6.) However, a prerequisite to the determination of whether such liability exists is compliance with the claims procedure of the Act. Section 905 requires the presentation of "all claims for money or damages against local public entities," subject to exceptions not relevant here. Claims for personal injury and property damage must be presented within six months after accrual of the cause of action; all other claims must be presented within a year. (§ 911.2, subd. (a).) "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected . . . ." (§ 945.4.) Thus, under these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity. (*City of Stockton*, *supra*, 42 Cal.4th at p. 738; *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776.)

7

The purpose of the claims statutes is " 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation' " and to " 'enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future.' " (*City of Stockton*, *supra*, 42 Cal.4th at p. 738.)

Having reviewed plaintiff's first amended complaint de novo, we conclude it adequately pleads compliance with the claims presentation requirement.

The California Supreme Court has addressed how the claims presentation requirement should be conceptualized from a pleading perspective. (*State of California v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1239, 1245 (*Bodde*); see also *Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 209.) The requirement is not merely procedural, the court explained, but is a condition precedent to maintaining a cause of action and, thus, is an element of the plaintiff's cause of action. (*Bodde*, *supra*, 32 Cal.4th at p. 1240.) As a result, the "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." (*Id*. at p. 1239.)

The Supreme Court in *Bodde* did not, however, identify precisely what facts must be alleged to demonstrate compliance. (*Bodde*, *supra*, 32 Cal.4th at pp. 1239-1243; *Perez*, *supra*, 209 Cal.App.4th at p. 1236.) Nor did the court explicitly authorize or prohibit a general allegation of compliance with the claim presentation requirement. (*Perez*, at p. 1236.)

Absent explicit guidance from our Supreme Court as to how to properly allege compliance with the claims presentation requirement of the Act, the appellate decision in *Perez, supra*, 209 Cal.App.4th 1228 concluded lower courts should refer to the rules of pleading enacted by the Legislature. (*Id.* at p. 1236.) "The Supreme Court's description of the claim requirement as a 'condition precedent' leads us to Code of Civil Procedure

8

section 459, which provides in part: 'In pleading the performance of conditions precedent under a statute . . . , it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part required thereby . . . .' " (*Ibid*.) Moreover, Code of Civil Procedure section 452 provides: " 'In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties.' This rule of liberal construction means that the reviewing court draws inferences favorable to the plaintiff, not the defendant." (*Perez, supra*, 209 Cal.App.4th at p. 1238.)

Applying these principles, the court in *Perez* concluded a plaintiff may allege compliance with the claims presentation requirement in the Act by including a general allegation that he or she timely complied with the claims statute. (*Perez, supra*, 209 Cal.App.4th at p. 1237 [reasoning in part that this conclusion is consistent with the approach taken by the Judicial Council in its pleading forms, which allow a plaintiff to allege compliance by checking boxes stating: "Plaintiff is required to comply with a claims statute, *and* [¶] . . . has complied with applicable claims statutes . . . ."].)

Plaintiff's first amended complaint goes far beyond the general—and adequate— allegation of the original complaint: The first amended complaint alleges that "[o]n October 20, 2009[,] plaintiff filed a claim with defendant County of Sacramento" and defendants notified plaintiff on April 23, 2010, that his claim had been rejected *and* that the April 23, 2010 notice would trigger the start of the six-month period within which he must file his complaint. These allegations adequately allege that plaintiff complied both with the requirement that he present a written claim within six months of its accrual on

9

October 10, 2009 (§ 911.2, subd. (a)), and that he initiated this action within six months of the notice of rejection.**4**

Nothing more was required to allege compliance with the Act's claims presentation requirement. (*Perez*, *supra*, 209 Cal.App.4th at pp. 1236-1237.) Plaintiff's allegation of compliance was adequate and it created no impediment to his stating a cause of action against defendants.

### DISPOSITION

The judgment of dismissal is reversed and the trial court is directed to enter an order overruling defendants' demurrer to plaintiff's first amended complaint. Hall shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3), (5).)

                                                  BUTZ_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____MURRAY_____, J.

---

**4** The notice of rejection of plaintiff's October 20, 2009 claim by "an authorized agent for the County of Sacramento" (capitalization omitted) was attached to plaintiff's opposition to defendants' first demurrer.