Filed 5/12/21  Sales v. City and County of San Francisco CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JAMES SALES,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Defendant and Respondent. | A156772<br><br>(San Francisco County<br>Super. Ct. No. CGC-18-570127) |

Appellant James Sales appeals from the judgment issued after the trial court sustained a demurrer filed by respondent, the City and County of San Francisco (City).  Appellant asserts the trial court abused its discretion when it sustained the City's demurrer without giving him an opportunity to amend his original complaint.  We agree and reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

In September 2018, appellant, acting in pro per, filed a complaint against the City.  The complaint was prepared using a Judicial Council of California form provided for optional use in contract cases.  The part of the form that describes the cause of action contains check boxes for "Breach of Contract," "Common Counts," and "Other (*specify*)."  For the checked "Other" box, appellant wrote "not investigation [*sic*] my complaint."  Under "Other allegations" he wrote, "[d]id not show in court cover up."  On the civil case

1

information statement filed concurrently with the complaint, he checked the box designating the matter as a civil rights case.

Appellant attached two documents to his complaint: a copy of a December 2017 ruling from the City's Housing Authority addressing the suspension of his Section 8 housing benefits following allegations of drug-related criminal activity and forgery, and a copy of a December 2017 application for leave to present a late claim that references the Housing Authority's decision and asserts he had been unfairly punished.

In October 2018, the City filed a demurrer to the complaint asserting that appellant had failed to plead sufficient facts to state a cause of action, and that the pleading was uncertain and unintelligible. (Code Civ. Proc., § 430.10, subds. (e) & (f).) The City also argued that appellant should not be afforded leave to amend because he had recently filed three "largely unintelligible" complaints against the City that were later voluntarily dismissed. Appellant did not file an opposition to the City's demurrer.

On November 30, 2018, the trial court sustained the demurrer without leave to amend. The court's order does not state the basis for its ruling. Judgment in favor of the City was entered on January 18, 2019. This appeal followed.[1]

---

[1] Appellant filed an earlier appeal in this case from the trial court's order sustaining the demurrer before the trial court had entered judgment. (*Sales v. City and County of San Francisco* Appeal No. A156157). That appeal was dismissed for failure to file an opening brief on December 11, 2019. This procedural dismissal is not a bar to our review of a timely appeal from the final judgment in this matter.

## DISCUSSION

### A. Applicable Legal Principles

The standard of review governing an order sustaining a demurrer without leave to amend is long settled. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).) " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.' " (*Ibid.*) We " 'determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense.' " (*McBride v. Smith* (2018) 18 Cal.App.5th 1160, 1172–1173.)

"[W]hen [a demurrer] is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank, supra,* 39 Cal.3d at p. 318.) Here, appellant does not contend that the trial court erred in sustaining the City's demurrer. Instead, he argues that the court should have granted him leave to amend his complaint.[2]

---

[2] Although appellant did not ask the trial court for leave to amend his complaint, this does not prevent him from raising the issue for the first time on appeal. When a trial court sustains a demurrer without leave to amend, "the question as to whether or not such court abused its discretion in making

Of particular importance to this appeal is the long-standing rule that leave to amend an original complaint is normally granted. "Ordinarily, an appellant who seeks leave to amend attempts to show that the trial court's denial of leave to amend was error by showing on appeal what facts could be pleaded to cure defects in the complaint and how they state a cause of action. [Citation.]  But for an original complaint, regardless whether the plaintiff has requested leave to amend, it has long been the rule that a trial court's denial of leave to amend constitutes an abuse of discretion unless the complaint 'shows on its face that it is incapable of amendment.' [Citations.]" (*Eghtesad v. State Farm General Ins. Co.* (2020) 51 Cal.App.5th 406, 411 (*Eghtesad*).)  The trial court's ruling on the demurrer was to appellant's initial complaint.

## B. Analysis

Appellant argues that the trial court erred in denying him leave to amend.  He emphasizes that, apart from the documents attached to the complaint, the pleading itself "is so devoid of facts that it is absurd to argue that amendment cannot cure at least the defect of ambiguity and unintelligibility."  He also claims that there is a reasonable possibility that he can amend his complaint to state facts sufficient to allege at least two causes of action, one for negligence and one for violation of his right to due process under both federal and state law  We consider his proposed causes of action in turn.

### i. Negligence

The elements for a negligence cause of actions are " ' "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." ' " (*Ladd v. County of San*

---

such an order is open on appeal even though no request to amend such pleading was made." (Code Civ. Proc., § 472c, subd. (a).)

*Mateo* (1996) 12 Cal.4th 913, 917, italics omitted.)  It has long been understood that "a cause of action may be stated in which negligence is alleged in general terms, without detailing the specific manner in which the injury occurred.  [Citations.]  There are, of course, limits to the generality with which a plaintiff is permitted to state his cause of action, and it is ordinarily said that while negligence may be pleaded in general terms, the plaintiff must indicate the acts or omissions which are said to have been negligently performed.  He may not recover upon the bare statement that the defendant's negligence has caused him injury." (*Guilliams v. Hollywood Hospital* (1941) 18 Cal.2d. 97, 101; accord *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 60; *Berkley v. Dowds* (2007) 152 Cal.App.4th 518, 527.)

Appellant maintains that he can state a negligence claim based on information contained in the summary of the administrative hearing as set forth in the copy of the administrative decision that he attached to the complaint.  The decision relates that appellant testified he was instructed by an intake worker at the Housing Authority to sign his landlord's name on the proof of residency form that he is required to submit every six months in order to retain his eligibility for Section 8 housing benefits.  When his landlord later accused him of forgery, his benefits were suspended for 30 days.

As the basis for his negligence claim, appellant asserts that the City, through its Housing Authority, owed him a general duty of care as the provider of his Section 8 housing.  Alternatively, he states that he can allege that the City's employee "voluntarily assumed a duty when they instructed [him] to sign his landlord's name on a form submitted to the San Francisco Housing Authority."  He proposes to allege that the employee breached that

5

duty of care by soliciting appellant to commit the crime of forgery, resulting in a 30-day suspension of his Section 8 benefits. These allegations suffice to show a reasonable possibility that he will be able state a claim for negligence under the standards applicable here. We express no opinion as to the merits of this claim.

### ii. Violation of Due Process

Appellant also argues that he can amend the complaint to allege facts sufficient to plead a civil rights cause of action based on the City's failure to provide him with due process under federal and state constitutions before cancellation of his Section 8 benefits.

To state a due process, claim under federal law, appellant must allege (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. (*Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.* (9th Cir. 1998) 149 F.3d 971, 982.) Here, appellant contends that he can amend the complaint to allege that the City deprived him of his federal and state right to due process by terminating his Section 8 benefits without investigating the truth of the alleged violations, restoring his benefits only after an administrative review. As appellant notes, due process requires that a recipient of Section 8 benefits receive notice and a hearing prior to termination of those benefits. (*Johnson v. Housing Authority of City of Oakland* (2019) 38 Cal.App.5th 603, 607-608.) Appellant has demonstrated a reasonable possibility that he can state a claim for violation of due process, although we again express no opinion as to the claim's merits.

### iii. Appellant Must Be Afforded Leave to Amend

The City contends that appellant has provided no facts to indicate that his state law claims were raised in a government claim prior to filing the

6

complaint, as is required by the Government Claims Act (see Gov. Code, §§ 905, 945.4; *Gong v. City of Rosemead* (2014) 226 Cal.App.4th 363, 374 [compliance with the Government Claims Act is a "condition precedent" to filing a lawsuit and is treated as "an element of a valid cause of action against a public entity."].) While noting that the original complaint includes a copy of an application for leave to present a late claim, the City asserts the notice does not properly allege any negligence or civil rights violations. The City also contends that appellant's due process claim fails as a matter of law, urging that the hearing decision attached to his complaint "clearly demonstrate[s] that Appellant had notice regarding the recommended termination of his Section 8 benefits and the reasons why", and show that his claim was investigated and he was provided with a hearing. The City also points to the three dismissed complaints appellant previously filed as evidence that further amendment would be futile. The City's contentions are not persuasive.

As reflected in our discussion above, "when confronted with an original complaint we focus not on what facts the plaintiff shows he can allege in an amended complaint, but rather on whether anything *in the original complaint* forecloses amendment. [Citation.]" (*Eghtesad, supra,* at pp. 413-414, italics added.) Given the complaint's vague and bare allegations, it is not possible to conclusively determine whether he failed to comply with the Government Claims Act or whether his due process claim fails as a matter of law, as the City contends.

"[A] plaintiff may allege compliance with the claims presentation requirements in the Government Claims Act by including a general allegation that he or she timely complied with the claims statute." (*Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1237.) Nothing in

7

the original complaint, including the attached application for leave to present a late claim, conclusively establishes that appellant is categorically barred from adding such an allegation in an amended complaint.  Accordingly, he must be afforded the opportunity to allege compliance with the claims presentation requirement.  The City will of course be free to challenge the allegation should an amended complaint be filed.

As to appellant's proposed due process claim, the documents attached to appellant's complaint do not expressly state that he received notice and was afforded a hearing *prior* to the suspension of his housing benefits.  We cannot say from a review of the original complaint and its attachments that appellant is unable to assert a due process claim as a matter of law.  Finally, the voluntary dismissals of appellant's other complaints against the City prior to the instant matter are legally irrelevant to our determination whether appellant is incapable of amending his complaint to state a viable claim.

Accordingly, we shall direct the trial court to allow appellant to amend his complaint to attempt to allege causes of action against the City for negligence, violation of his civil rights, or any other related claim, if he is able to do so in good faith.

## DISPOSITION

The judgment is reversed.  The matter is remanded with instructions to vacate the order sustaining the demurrer without leave to amend and to enter a new order sustaining the demurrer with leave to amend. Appellant is entitled to his costs on appeal.

8

_____
SANCHEZ, J.

We concur.

_____
HUMES,  P.J.

_____
MARGULIES, J.

(A156772)

9