Filed 10/20/22  Razavian v. West Valley Occupational Center CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SEYEDEH MASOUMEH RAZAVIAN, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> WEST VALLEY OCCUPATIONAL CENTER et al., <br><br> Defendants and Respondents. | B317036 <br> (Los Angeles County <br> Super. Ct. No. 20STCV08853) |

APPEAL from orders of the Superior Court of Los Angeles County, Audra Mori, Judge.  Reversed.

Raymond Ghermezian for Plaintiff and Appellant.

Los Angeles Unified School District Office of the General Counsel, James A. Hunt and Sabryna D. Beckles for Defendant and Respondent.

Plaintiff and appellant Seyedeh Masoumeh Razavian filed the instant lawsuit against Los Angeles Unified School District (LAUSD) for personal injuries she allegedly sustained when she slipped and fell while on a LAUSD campus. The trial court sustained LAUSD's demurrer to the operative complaint without leave to amend on the ground that Razavian did not adequately plead compliance with the claim presentation requirement as set forth in the Government Claims Act (Gov. Code, § 810 et seq.).[1] The court reasoned that while Razavian had alleged that she timely mailed a claim for damages properly addressed to LAUSD, she failed to allege that LAUSD "received the claim or had actual notice of such" prior to filing her lawsuit. The court also took judicial notice of the fact that LAUSD's records "do not contain a Claim for Money or Damages form or any documents to suggest that a claim of [Razavian's] was presented to the LAUSD at anytime."

On appeal, Razavian contends that under the claims statutes (§§ 915, subd. (a)(2), 915.2, subd. (a)), she was not required to plead that her claim for damages was actually received by LAUSD, only that it was timely mailed and properly addressed. We agree. Further, the factual dispute raised by the conflict between Razavian's allegations that the claim was properly mailed and the judicially noticed absence of

---

[1] Unspecified references are to the Government Code.

2

an LAUSD record showing receipt is not a basis for sustaining LAUSD's demurrer. We therefore reverse the judgment.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

The operative second amended complaint alleged that, on October 23, 2019, Razavian slipped and fell on the campus of an education center within LAUSD. The complaint asserted a cause of action against LAUSD for dangerous condition of public property. The complaint also alleged that Razavian "presented a Claim for Damages to [LAUSD] on November 25, 2019. A true and correct copy of the Claim" was attached to the complaint and authenticated by declarations by Razavian's trial counsel and his legal assistant (Raymond Ghermezian and Maria Wampler, respectively). It was further alleged that Wampler had "properly and timely mailed the subject Claim to [the] Executive Officer of the Board of Education" of LAUSD, and that the claim was "denied by operation of law less than six months after this action was filed . . . on March 3, 2020."

LAUSD filed a demurrer to the operative complaint and a concurrent request for judicial notice. In substance LAUSD argued that Razavian's action was statutorily time-barred under the Government Claims Act because she failed to plead "that her purported November 25, 2019 claim was actually received." LAUSD also argued that the

---

[2]     Because we resolve the appeal on this ground, we do not address the additional grounds raised in Razavian's appeal. (See *Natter v. Palm Desert Rent Review Com.* (1987) 190 Cal.App.3d 994, 1001.)

trial court should judicially notice the fact that LAUSD's records "do not contain a Claim for Money or Damages form or any documents to suggest that [Razavian's] claim . . . was presented to the LAUSD at anytime."[3]

Razavian opposed the demurrer, arguing in relevant part that she had adequately alleged compliance with the claims presentation requirement through mailing her claim for damages. In reply, LAUSD again focused on the absence of any allegation in the complaint that Razavian's claim for damages "was actually received by the LAUSD."

After holding a hearing on LAUSD's demurrer and taking judicial notice of the fact "that the public records do not contain a claim [f]rom Plaintiff," the court agreed with LAUSD's argument and granted the demurrer without leave to amend. The court reasoned that the "judicially noticeable evidence establishes [Razavian] failed to present a claim for damages or application for leave to present a late [claim] to [LAUSD] prior to filing the instant action, as [its] records do not contain a claim for damages or application for leave to present a late claim." Razavian's allegations that "a claim was mailed [is alone] not sufficient to comply with the claim presentation requirement," as "[t]here are no

---

[3]      In support of its request for judicial notice, LAUSD attached a declaration by a liability claims coordinator for LAUSD. The claims coordinator declared that "[a] careful review of [her] files, and an investigation into the receipt of any documents related to this lawsuit, indicates that there is no Claim form or any documents to suggest that a claim of or on behalf of [Razavian] was presented to the LAUSD on or before April 23, 2020, or anytime thereafter."

allegations or facts . . . that [LAUSD] received the claim or had actual notice of such prior to [Razavian] filing this action."

## DISCUSSION

Razavian contends, and we agree, that she was not required to allege that LAUSD actually received her mailed claim for damages. Further, assuming without deciding that the trial court properly took judicial notice of LASUD records (see fn. 5, *post*), and considered them for the implied hearsay statement that no claim was ever received, the factual dispute between the records and the allegations of the complaint identified by the court was not a basis to sustain LAUSD's demurrer.

1.     *Governing Law: The Government Claims Act*

Razavian's action against LAUSD comes under the purview of the Government Claims Act (§ 810 et seq.), which "establishes certain conditions precedent to the filing of a lawsuit against a public entity." (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1237.) Under the Government Claims Act, no person may sue a public entity for damages unless a timely written claim has been "presented by the claimant or by a person acting on his or her behalf" to the public entity (§ 910), and has been acted upon or has been deemed to have been rejected (§ 945.4). Any claim relating to a cause of action for injury to a person "shall be presented . . . not later than six months after the accrual of the cause of action." (§ 911.2, subd. (a).)

Subject to exceptions not relevant here, section 905 requires that all claims for damages against a local public entity must be presented in

5

accordance with Chapter 1 (commencing with § 900) and Chapter 2 (commencing with § 910) of the Government Code. (See § 900.4 ["[l]ocal public entity" includes a city, district, public agency, or other political subdivision or corporation].)

In turn, section 915, subdivision (a) requires that a "claim . . . to the public entity . . . shall be presented to a local public entity by any of the following means: [¶] (1) Delivering it to the clerk, secretary, or auditor thereof. [¶] (2) Mailing it to the clerk, secretary, auditor, or to the governing body at its principal office." If the claim is presented by mail, "the claim . . . shall be mailed in the manner prescribed in this section. The claim, amendment, application, or notice shall be deposited in the United States post office, a mailbox, . . . or other similar facility regularly maintained by the government of the United States, in a sealed envelope, properly addressed, with postage paid. *The claim, amendment, application, or notice shall be deemed to have been presented and received at the time of the deposit.*" (§ 915.2, subd. (a), italics added.) "As applied to this section, proof of mailing may be made in the manner prescribed by Section 1013a of the Code of Civil Procedure." (§ 915.2, subd. (c).)

""[U]nder these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."" (*DiCampli-Mintz v. Cnty. of Santa Clara* (2012) 55 Cal.4th 983, 990.) In other words, the presentation of a claim "'is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an *element* that a plaintiff is required to prove in order to prevail.' [Citations.]" (*Ibid.*)

6

2.    *Standards of Review on Demurrer*

"We review the ruling sustaining the demurrer de novo, exercising independent judgment as to whether the complaint states a cause of action as a matter of law." (*Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 740.)  In our review, we assume the truth of any properly pleaded or implied factual allegations, but also consider judicially noticed matters to determine if the complaint is defective as a matter of law.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*); see *Linda Vista Village San Diego Homeowners Assn., Inc. v. Tecolote Investors, LLC* (2015) 234 Cal.App.4th 166, 180 (*Tecolote*).)  We also review de novo whether the allegations in the complaint are contrary to law or facts established by judicial notice. (*Tecolote, supra,* 234 Cal.App.4th at p. 180.)

For causes of action subject to the claim presentation requirement, the "failure to allege facts demonstrating or excusing compliance . . . subjects [those causes of action] against a public entity to a demurrer for failure to state a cause of action." (*State of California v. Superior Court, supra,* 32 Cal.4th at p. 1239.)  To adequately plead compliance in this context, a plaintiff may include "a general allegation that he or she timely complied with the claims statute." (*Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1237 (*Perez*); see *id.* at p. 1237, fn. 3 ["the specific rule in Code of Civil Procedure section 459

controls over the general rule that statutory causes of action must be pleaded with particularity"].)[4]

3.  *The Operative Complaint Adequately Pleaded Compliance with the Claim Presentation Requirement*

Central to sustaining LAUSD's demurrer was the trial court's construction of the Government Claims Act as requiring LAUSD's actual receipt of Razavian's claim for damages regardless of whether the claim had been mailed.  The court erred in this construction of the relevant statutes.

The claims statutes provide two means of presenting a claim for damages to a public entity: (1) by actual delivery to the public entity's clerk, secretary, or auditor; or (2) by mailing it to the public entity's clerk, secretary, auditor, or to its governing body at a principal office. (§ 915, subd. (a)(1)-(2).)  If any claim is mailed in accordance with section 915.2, the claim *shall be deemed to have been presented and received* at the time of the deposit."  (§ 915.2, subd. (a), italics added; accord, § 915, subd. (f) [a claim "shall be deemed to have been presented in compliance with this section to a public agency" if it is "mailed within the time prescribed for presentation thereof" to the public agency as set forth in the Roster of Public Agencies].)

---

[4]     Section 459 of the Code of Civil Procedure provides in relevant part: "In pleading the performance of conditions precedent under a statute . . . or of a right derived therefrom, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part required thereby."

"As Government Code section 915.2 clarifies, our focus is on the date of mailing, not the receipt" of the claim for damages. (*Him v. City and County of San Francisco* (2005) 133 Cal.App.4th 437, 445 (*Him*); accord, *ibid.* [the "limitations period is triggered 'from the date the notice is deposited in the mail . . . and not the date that it is received'"].)

Here, Razavian alleged that she complied with claim presentation requirement for injuries she sustained on October 23, 2019, by "present[ing] a Claim for Damages to [LAUSD] on November 25, 2019." As to the means of presentation, Razavian further alleged that the claim had been "properly and timely mailed" to LAUSD. These factual allegations, which are deemed true on demurrer (*Schifando*, *supra*, 31 Cal.4th at p. 1081), demonstrate that Razavian timely presented a claim for damages prior to initiating this lawsuit against LAUSD. (§§ 915, subd. (f), 915.2, subd. (a); accord, *Perez*, *supra*, 209 Cal.App.4th at p. 1237 [the plaintiff sufficiently pleaded compliance by alleging she "'filed a timely claim complying with the required claims statute'" on a date certain].) Because the claims statutes do not require actual receipt by a public entity of a mailed claim for damages, the judicially noticed fact that LAUSD's "records do not contain a claim" does not render the allegations of compliance inadequate.[5]

---

[5]    It is questionable whether the trial court could judicially notice the absence of a claim in LAUSD's records when ruling on a disputed legal issue on demurrer. (See *Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 113–114.) *Gong v. City of Rosemead* (2014) 226 Cal.App.4th 363 (*Gong*), and *Fowler v. Howell* (1996) 42 Cal.App.4th 1746 (*Fowler*), on which LAUSD has relied to support its contention that the judicially noticed fact that LAUSD's "records do not contain a claim" refute Razavian's allegations as a matter of law, are readily distinguishable. In

Despite the foregoing, LAUSD contends that the operative complaint is legally defective because it did not "offer evidence of any California Code of Civil Procedure § 1013 compliant proof of service that corresponds to the mailing of the purported claim." LAUSD is mistaken.

Of course, it is the allegations of the complaint, not evidence of the facts alleged, that control the result on demurrer. (See *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 213 ["[i]t is not the ordinary function of a demurrer to test the truth of the plaintiff's allegations or the accuracy with which he describes"]; see also *Call v. Los Angeles County Gen. Hospital* (1978) 77 Cal.App.3d 911, 917 [whether and when a claim for damages has been deposited in the mail "is a question of fact"].)

Further, LAUSD's construction of the relevant statutes is incorrect. The operative claims statute (§ 915.2, subd. (c)) does not refer to Code of Civil Procedure section 1013.[6] The claims statute refers to

---

both cases the courts took judicial notice of *undisputed* facts. (See *Gong, supra*, at pp. 375–378 [parties agreed the plaintiff omitted facts from her claim for damages]; *Fowler, supra*, 42 Cal.App.4th at pp. 1749, 1753 [plaintiff agreed he had failed to file claim for damages].) *Gong* and *Fowler* have no precedential value to cases like this, where facts on which judicial notice was sought was used to *contradict* key allegations in the complaint. (See, e.g., *Sykora v. State Dept. of State Hospitals* (2014) 225 Cal.App.4th 1530, 1535 [judicial notice should not be taken of matters that are used to contradict allegations in the complaint]; *Big Valley Band of Pomo Indians v. Superior Court* (2005) 133 Cal.App.4th 1185, 1191 [same].)

[6]    Though irrelevant to the claim statutes, section 1013 of the Code of Civil Procedure provides that service by mail "is complete at the time of the deposit" and may be proved by "an unsigned copy of the affidavit [of mailing]

Code of Civil Procedure section 1013a as providing one way to prove a document had in fact been mailed. And "section 915.2 does not mandate strict compliance with the proof of service requirements of Code of Civil Procedure section 1013a. Instead, it provides that proof *may be made* in compliance with this statute." (*Him*, *supra*, 133 Cal.App.4th at p. 443; see *ibid.* ["only substantial compliance is required" under Code Civ. Proc., § 1013a].)

Finally, even assuming compliance with section 1013a of the Code of Civil Procedure is mandatory at the pleading stage, Razavian clearly met that requirement. Attached to the operative complaint were declarations by Razavian's trial counsel (Ghermezian) and legal assistant (Wampler). Those declarations, which were incorporated by reference, "bec[a]me a part of the complaint" that may be used to demonstrate compliance with the claims statutes. (See *City of Pomona v. Superior Court* (2001) 89 Cal.App.4th 793, 800; *State of California v. Superior Court, supra,* 32 Cal.4th at p. 1239; see also *Picton v. Anderson Union High School Dist.* (1996) 50 Cal.App.4th 726, 733 ["[w]e can also consider the facts appearing in exhibits attached to the complaint"].)

In her declaration, Wampler provided the title of the document served (Razavian's Claim for Damages), the name and business address of the person making the service (Wampler), and the date and place of deposit in the mail (Nov. 25, 2019, in Los Angeles, California). Wampler also declared that she was employed in the county where the

---

or certificate of mailing." (Code Civ. Proc. § 1013, subds. (a), (b).) We do not construe section 1013 as requiring only a certificate of proof of service.

11

mailing occurred, and indicated the envelope had been sealed and deposited in the mail with postage thereon fully prepaid.  This declaration provided everything needed to prove service by mailing under Code Civil Procedure section 1013a.

In sum, we conclude that Razavian "adequately *alleged* that she complied with the claims presentation requirement." (*Perez*, *supra*, 209 Cal.App.4th at p. 1239.)  Whether Razavian "will be able to *prove* she did, in fact, comply 'will be an altogether different matter.'" (*Id.* at p. 1239, fn. 4.)  The demurrer should have been overruled.

## DISPOSITION

The judgment of dismissal is reversed.  The trial court is directed to vacate its order sustaining the demurrer and enter a new order overruling the demurrer and reinstating Razavian's second amended complaint.  Costs on appeal are awarded to appellant.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

MANELLA, P. J.

COLLINS, J.

12