Filed 8/22/18; Certified for publication 9/14/18 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| HARLEY-DAVIDSON, INC., et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>FRANCHISE TAX BOARD,<br><br>    Defendant and Respondent. | D071669<br><br><br><br>(Super. Ct. No. 37-2011-00100846-CU-MC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Affirmed.

Silverstein & Pomerantz, Amy L. Silverstein and Robert T. Petraglia, for Plaintiffs and Appellants.

Xavier Becerra, Attorney General, Edward C. DuMont, Solicitor General, Diane Shaw, Assistant Attorney General, Aimee Feinberg, Stephen Lew and Tim Nader, Deputy Attorneys General, for Defendant and Respondent.

Plaintiff Harley Davidson and its subsidiaries (Harley-Davidson) form a multistate enterprise with numerous functionally integrated subsidiary corporations. It contends that defendant California Franchise Tax Board's (Board) tax scheme violates the commerce clause of the federal Constitution (U.S. Const., art. I, § 8, cl. 3), claiming that it burdens interstate enterprises by providing a benefit to intrastate enterprises not available to interstate enterprises. An intrastate unitary business may use either combined or separate accounting to report its income to the Board, whereas Harley-Davidson and other interstate unitary businesses must use the combined reporting method, without the option of separate accounting for each related entity. The trial court granted summary judgment for Harley-Davidson. It found that whether or not the state's tax law unduly burdened interstate commerce, the state had a legitimate reason for treating in-state and out-of-state unitary businesses differently that could not be served by reasonable nondiscriminatory alternatives — to accurately measure, apportion and tax all revenue acquired in California by an interstate unitary business.

After independent review, we also find that there is a legitimate state interest to require combined reporting of taxable income of interstate unitary businesses, to accurately measure and tax all income attributable to California, that outweighs any possible discriminatory effect. We affirm the judgment of the trial court.

BACKGROUND

Harley-Davidson has a nation-wide business. The Harley-Davidson enterprise is comprised of commonly owned and functionally integrated businesses, each of which is

2

dependent on or contributes to the operation of the entire business enterprise of the group. Such an enterprise is called a unitary business.

Harley-Davidson filed an action for a tax refund, raising several issues, including a challenge under the commerce clause to the Board's requirement that interstate unitary businesses must use the combined method of reporting income and apportioning taxes, while intrastate unitary businesses may use either the combined method or the separate accounting method. The sole remaining issue is Harley-Davidson's claim that this differential treatment harms the flow of interstate commerce by providing a direct commercial advantage to intrastate unitary companies. It asserts that the federal commerce clause was violated by Revenue and Taxation Code provisions that allow intrastate unitary businesses to choose whether to compute their tax using the combined reporting method or the separate accounting method, but require interstate unitary businesses to compute their tax using only the combined reporting method.

In an earlier appeal, this court reversed an order sustaining the Board's demurrer to this issue in the complaint. (*Harley-Davidson* (2015) 237 Cal.App.4th 193, 203–208, (*Harley I*).) We found that this provision of California's tax system treats intrastate and interstate unitary businesses differently, but we made no finding on whether that differential treatment was discriminatory. (*Id*. at pp. 203, 206.) We found only that Harley-Davidson adequately alleged that this differential treatment was discriminatory because it benefitted intrastate unitary businesses and burdened interstate unitary businesses. (*Id*. at p. 206.) A demurrer must be denied where the plaintiff has alleged facts that, if true, would state a valid cause of action. (*Evans v. City of Berkeley* (2006)

38 Cal.4th 1, 6 [alleged facts deemed true]; *Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1235 (*Perez*) [standard of review of order sustaining demurrer].)

On remand, the Board and Harley-Davidson filed cross-motions for summary judgment. The trial court granted summary judgment for the Board. The trial court found that California tax law treats in-state and out-of-state unitary businesses differently because it permits in-state businesses to choose between the separate entity or combined reporting method, while out-of-state businesses have no choice but must use the combined method of accounting. Differential treatment is discriminatory within the commerce clause context, however, if the different treatment provides a direct benefit to in-state entities or increases the tax burden on interstate entities. The trial court concluded that there were triable issues of fact on whether a discriminatory effect exists. It found that even if the law burdened interstate companies, the state had a legitimate interest in "requiring this form of combined reporting to ensure that all business income from interstate business is accurately accounted for [and] that it is fairly apportioned. The state has a valid interest in preventing the manipulation and hiding of taxable income. [Citation.] [¶] There does not appear to be a reasonable nondiscriminatory alternative that would adequately serve the state's interest. The alternative of allowing separate reporting for out of state business would potentially omit income of certain entities doing business outside the state."

We review this grant of summary judgment de novo and independently decide if the findings of undisputed facts warrant judgment for the moving party as a matter of law.[1] (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*).)

DISCUSSION

I. *Combined Reporting Aggregates the Income of an Interstate Unitary Business and Permits California to Tax a Proportionate Amount of the Income Attributable to California*

A state may tax the value that a corporation earns within its state borders. But in an enterprise such as Harley-Davidson, that consists of a number of commonly owned and functionally controlled entities, it is difficult to assess the value earned throughout the entire interconnected enterprise that is attributable to the state. The unitary business principle was developed to permit the states "to tax a corporation on an apportionable share of the multistate business carried on in part in the taxing [s]tate." (*Allied-Signal v. Director, Div. of Taxation* (1992) 504 U.S. 768, 778 (*Allied-Signal*) [history of unitary business principle].) It protects an enterprise from being taxed for value not attributable to the state, while allowing the state to collect its fair share of taxes attributable to the

---

[1] In a motion filed December 1, 2017, the Board requested we take judicial notice of the Judgment and Statement of Decision after trial in *Abercrombie & Fitch v. Franchise Tax Board*, Fresno Superior Court No. 12CECG03408, now on appeal in the Fifth District Court of Appeal, case No. F074873. That court's ruling was not before the trial court when it rendered its decision in this case. It is not part of the record on appeal. That case involved a different plaintiff, and the decision came after a trial of the facts. The record before the Fresno Superior Court was different from the record that is before us in this appeal.

The decision of the Fresno Superior Court in a different case is not relevant to our appellate review of the summary judgment before us. The Board's request for judicial notice is therefore denied.

5

enterprise's connection to the state.  (*Ibid.*)  Under this system, the interstate unitary business must calculate the income of all of its functionally integrated components, and apportion to the state that income proportionate to the business conducted within the state.  (*Container Corp. of America v. Franchise Tax Board* (1983) 463 U.S. 159, 165 (*Container Corp.*).)  A proportionate share of the income that is attributable to California activities is determined by an apportionment formula that uses objective measures of the corporation's activity within California — payroll, property, and sales.  (*Id.* at p. 170.) The United States Supreme Court has long upheld the constitutionality of this combined reporting/formula apportionment method under the commerce and due process clauses. (*Id.* at p. 165, and cases cited therein, dating back to 1920; *Allied-Signal, supra*, 504 U.S. at pp. 778–779 [history of unitary business principle].)

California's combined reporting method has been found constitutional under the commerce and due process clauses for interstate unitary companies and for foreign unitary companies.  (*Barclays Bank PLC v. Franchise Tax Bd. of Cal.* (1994) 512 U.S. 298, 311–312 (*Barclays*); *Container Corp.*, *supra*, 463 U.S. at pp. 164–165; *Butler Brothers v. McColgan* (1942) 315 U.S. 501, 506–507 [no due process violation].)

In *Barclays*, a foreign international corporation claimed that California's worldwide combined reporting scheme was discriminatory, due to the compliance costs and administrative burdens it imposed on foreign unitary enterprises.  (*Barclays*, *supra*, 512 U.S. at pp. 312–313.)  The Supreme Court found that California's tax scheme did not systematically overtax foreign corporations.  (*Id.* at p. 314.)  Barclays complained of the compliance and administrative burdens it bore in preparing the combined accounting and

reporting required by California. (*Id*. at pp. 312–314.) But regulations that have only incidental effects on interstate commerce are valid. (*Oregon Waste Systems v. Dept. of Environmental Quality* (1994) 511 U.S. 93, 98 (*Oregon Waste*).) Compliance burdens are generally incidental, although they can violate the commerce clause if disproportionately imposed on out-of-state enterprises. The compliance and administrative burdens were not excessive in *Barclays*. (*Barclays*, at p. 313.)

Some unitary businesses conduct business solely within California. All income is earned within California and all is subject to California tax. These intrastate unitary businesses have the option of computing their California tax liability by either the separate accounting method and the combined reporting method. " '[S]eparate accounting treats each corporate entity discretely for the purpose of determining income tax liability.' " (*Harley I*, *supra*, 237 Cal.App.4th at p. 199, quoting *Barclays*, *supra*, 512 U.S. at p. 305.) The combined method of reporting aggregates the entire amount of business income of all corporations in the unitary group. While intrastate businesses would not have to apportion value earned in California, as all value is earned in California, combined reporting may permit the enterprise to offset the tax gains of one entity by the losses of another entity, and to shift tax liability, and other assorted benefits.

Historically, the individual entities of a unified business that operated solely within California were required to separately account for their taxable income, because there was no need for aggregation and apportionment. Some of these intrastate interdependent corporations sued the Board, contending that they were discriminated against under the equal protection clause because the intrastate businesses were not

7

permitted to file under the combined method of reporting used by interstate unitary businesses. (*Handlery v. Franchise Tax Board* (1972) 26 Cal.App.3d 970, 982–983 (*Handlery*).) The intrastate taxpayers contended that they were denied the benefits of combined reporting that were available to interstate unitary businesses. Specifically, the intrastate taxpayers alleged that they were denied the benefits of offsetting losses against gains between different entities. (*Id*. at p. 984.) The appellate court found no violation of equal protection because the state tax laws had a reasonable basis. (*Id*. at p. 983.) It explained, "the 'formula' apportionment of unitary business income has not only been found to be constitutionally permissible, but that it is often the only reasonable and practical manner in which a state may levy and collect taxes to which it is constitutionally entitled. It might be described as a sort of rule of necessity, having its origin in the accommodation of a state's constitutional right to tax income derived from within the state, to constitutional due process of law and interstate commerce provisions." (*Id*. at p. 974.) It found no violation of equal protection, because "the formula-unitary business reporting method has but one purpose—determination of the income from interstate operations properly allocable to California. Where intrastate operations only are concerned such intrastate income is readily discernible from the books of the enterprise, without resort to any formula or other device." (*Id*. at p. 979.) Interstate and intrastate unitary businesses were not similarly situated for purposes of the equal protection law. (*Id*. at p. 983.)

In response to *Handlery*, the Legislature in 1980 amended the Revenue and Taxation Code to permit intrastate unitary groups to choose either the combined reporting or the separate accounting methods. (*Harley I*, *supra*, 237 Cal.App.4th at p. 200.) Interstate unitary groups do not have that choice. Harley-Davidson contends that this differential treatment of interstate and intrastate unitary enterprises violates the commerce clause.

II. *The Commerce Clause Prohibits Economic Protectionism and Interference with Interstate Commerce*

We provided an overview of the commerce clause in *Harley I*:

> "The commerce clause provides that '[t]he Congress shall have Power . . . [¶] [t]o regulate Commerce . . . among the several States.' (U.S. Const., art. I, § 8, cl. 3.) 'Though phrased as a grant of regulatory power to Congress, the [c]lause has long been understood to have a "negative" aspect that denies the [s]tates the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce.' (*Oregon Waste, supra*, 511 U.S. at p. 98.) In this negative, or dormant, aspect, 'the [c]ommerce [c]lause "prohibits economic protectionism—that is, 'regulatory measures designed to benefit in[-]state economic interests by burdening out-of-state competitors.' " ' (*Fulton Corp. v. Faulkner* (1996) 516 U.S. 325, 330 (*Fulton*); *Bacchus Imports, LTD v. Dias* (1984) 468 U.S. 263, 268 ['A cardinal rule of [c]ommerce [c]lause jurisprudence is that "[no] [s]tate, consistent with the [c]ommerce [c]lause, may 'impose a tax which discriminates against interstate commerce . . . by providing a direct commercial advantage to local business' " '].) . . .
>
> " '[T]he first step in analyzing any law subject to judicial scrutiny under the negative [c]ommerce [c]lause is to determine whether it "regulates evenhandedly with only 'incidental' effects on interstate commerce, or discriminates against interstate commerce." ' " (*Oregon Waste*, *supra*, 511 U.S. at p. 99.) In this context, ' "discrimination" simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." ' (*Ibid*.) 'By contrast, nondiscriminatory regulations that have only incidental effects on interstate commerce are valid unless

9

"the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. . . ." '

" 'If a restriction on commerce is discriminatory, it is virtually *per se* invalid,' (*Oregon Waste*, *supra*, 511 U.S. at p. 99) unless the 'justifications for discriminatory restrictions on commerce pass the "strictest scrutiny" ' (*id*. at p. 101; see *South Central Bell Telephone Co. v. Alabama* (1999) 526 U.S. 160, 169 (*South Central Bell*)). Accordingly, a discriminatory regulation must be invalidated unless its proponent can ' "show that it advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives." ' (*Oregon Waste*, at pp. 100–101.)"

(*Harley I*, *supra*, 237 Cal.App.4th at pp. 201–202, fns. omitted.)

III.  *Harley I Did Not Rule on the Discriminatory Effect of California's Reporting Requirements*

Harley-Davidson contends that we held in *Harley I* that the difference in permissible methods of reporting facially discriminated against interstate unitary enterprises.  We could not have made such a decision on the bare allegations of the complaint, without determining the veracity of the allegations.  We held only that "Harley-Davidson has sufficiently alleged for purposes of surviving the Board's demurrer that the differential treatment of intrastate and interstate unitary businesses is discriminatory within the meaning ascribed by commerce clause precedent." (*Harley I*, *supra*, 237 Cal.App.4th at p. 207.)  Harley-Davidson's complaint alleged that the option to use the separate reporting method benefitted intrastate unitary taxpayers by allowing "the ability to more efficiently use credits and net operating losses, reduced tax burden, increased administrative ease and lower compliance costs in preparing returns. . . ." (*Harley I*, at pp. 200–201.)  In *Harley I*, we reversed the order sustaining the demurrer

10

because if these facts were true, they stated a valid cause of action to be determined in the trial court. (See *Perez*, *supra*, 209 Cal.App.4th at p. 1235.)

IV. *Because Harley-Davidson Has Made a Facial Challenge, It Need Not Specify the Amount of the Excess Burden on It*

We reject the Board's contention that Harley-Davidson must show the amount of taxes it overpaid as a result of the alleged discriminatory statutes. We agree with Harley-Davidson that it need not show that Harley-Davidson, itself, was burdened, because it raises a facial challenge to the statutes. (*Tobe v. Santa Ana* (1995) 9 Cal.4th 1069, 1084.) But it must show that the different choice of reporting methods has an actual discriminatory effect on interstate commerce. "To support a determination of facial unconstitutionality, voiding the statute as a whole, petitioners cannot prevail by suggesting that in some future hypothetical situation constitutional problems may possibly arise as to the particular *application* of the statute . . . . Rather, petitioners must demonstrate that the act's provisions inevitably pose a present total and fatal conflict with applicable constitutional prohibitions." (*Ibid.*, citations and internal quotation marks omitted.) It is disputed here whether the reporting requirements of California's tax law facially show a factual dispute about an inevitable, present, total and fatal conflict with the commerce clause.

V. *There Are Triable Issues of Fact About the Existence of Discriminatory Effect*

The gravamen of discriminatory action is "differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." (*Oregon Waste*, *supra*, 511 U.S. at p. 99.) Discrimination that puts a higher tax burden on in-state

11

businesses than on interstate businesses does not violate the commerce clause because it does not discourage commerce among the states. (See *Direct Marketing Association v. Brohl* (10th Cir. 2016) 814 F.3d 1129, 1143 [complementary tax].) Negative incidental effects such as compliance costs and administrative burdens are not generally discriminatory. (*Barclays*, *supra*, 512 U.S. at pp. 313–314.)

The trial court made no factual finding here about the discriminatory effect of the different reporting requirements of California's tax law. The trial court concluded that there were triable issues of fact on this question. We decline the Board's invitation to make a factual determination on direct appeal of the possibility of discriminatory effect from the disparate reporting choices.

VI. *Legitimate State Interests Justify the Disparate Reporting Rule*

A tax scheme that burdens the flow of interstate commerce must generally be invalidated unless "it advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives." (*Oregon Waste*, *supra*, 511 U.S. at pp. 100–101.)

The trial court found that the state had a legitimate interest in requiring combined reporting for interstate unitary businesses in order to accurately measure and fairly apportion the income from all functionally integrated entities, and to prevent the manipulation and hiding of taxable income. (*Barclays*, *supra*, 512 U.S. at p. 303; see also *Container Corp.*, *supra*, 463 U.S. at p. 164.) The court in *Container Corp.* explained that separate accounting "often ignores or captures inadequately the many subtle and largely unquantifiable transfers of value that take place among the components of a single

12

enterprise." (*Container Corp*., at pp. 164–165.)  While these compelling reasons were stated in the context of a due process claim, they provide the same rational basis for supporting the state's legitimate interest in requiring combined reporting when it is challenged as discriminatory under the commerce clause.  Harley-Davidson has, in any event, agreed that these are "worthy goals."

Harley-Davidson contends, however, that there are reasonable nondiscriminatory alternatives to the disparate reporting system.  But separate accounting cannot be extended to interstate corporations because it "ignores or captures inadequately" the transfers of value that take place among the many entities that that can make up a unitary enterprise, and can lead to "the manipulation and hiding of taxable income." (*Barclays*, *supra*, 512 U.S. at p. 303; *Container Corp*., *supra,* 463 U.S. at p. 164.)  Harley-Davidson has not pointed us to facts in the record that cast doubt on these findings.  (See *Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116 (*Lewis*) [appellants bear burden to support claims by citations to record and to authority].)  Harley-Davidson argues that the Board has "tools at [its] disposal" to seek out all the "subtle and largely unquantifiable transfers of value" among the entities of a unitary business (*Container Corp*., at pp. 164–165) and to prevent manipulation.  This basic ability to capture fraud is not broadly effective in the way that the combined reporting method prevents and limits the potential fraud and manipulation facing the Board.  As the Supreme Court has repeatedly held, the combined reporting / apportionment method is a rule of necessity that conforms to and fulfills "two imperatives:  the States' wide authority to devise formulae for an accurate assessment of a corporation's intrastate value or income; and the necessary limit on the

13

States' authority to tax value or income that cannot in fairness be attributed to the taxpayer's activities within the State." (*Allied Signal*, *supra*, 504 U.S. at p. 780; see also *Handlery*, *supra*, 26 Cal.App.3d at p. 974 ["[T]he 'formula' apportionment of unitary business income has not only been found to be constitutionally permissible, but . . . it is often the only reasonable and practical manner in which a state may levy and collect taxes to which it is constitutionally entitled"].)

Nor has Harley-Davidson convinced us that prohibiting intrastate unitary companies from choosing either the solitary accounting or the combined method would be a reasonable alternative. There are no undisputed facts to support this suggestion. (See *Lewis*, *supra*, 93 Cal.App.4th at p. 116.) All income earned by an intrastate unitary business is taxed by California, without apportionment. Intrastate unitary businesses have less opportunity for hiding and manipulating taxable income among separate entities, because all of their income is earned and value added within the state's borders, subject to general state corporate regulation. Intrastate entities are not similarly situated to interstate entities for purposes of filing taxes. Harley-Davidson has given us no facts supporting its claim that requiring intrastate unitary businesses to always file by the combined reporting method would be a reasonable nondiscriminatory alternative.

14

DISPOSITION

We affirm the judgment of the trial court.

_____

BENKE, J.

WE CONCUR:


_____

McCONNELL, P. J.


_____

HUFFMAN, J.

15

Filed 9/14/18

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| HARLEY-DAVIDSON, INC., et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>FRANCHISE TAX BOARD,<br><br>    Defendant and Respondent. | D071669<br><br><br><br>(Super. Ct. No. 37-2011-00100846-CU-MC-CTL)<br><br>ORDER GRANTING PUBLICATION |

THE COURT:

The opinion in this case filed August 22, 2018, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the People's request pursuant to California Rules of Court, rule 8.1120(a) for publication is granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

McCONNELL, P. J.

Copies to: All parties