Filed 5/1/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| XAVIER GARCIA-ROJAS et al., Plaintiffs and Appellants, v. FRANCHISE TAX BOARD, Defendant and Respondent. | A172054 (City & County of San Francisco Super. Ct. No. CGC23606654) |

In May 2023, Xavier and Sana Garcia-Rojas[1] sued the Franchise Tax Board (Board) seeking a tax refund for 2018 to 2020. The trial court granted the Board's motion for summary judgment, concluding that Garcia-Rojas operated a unitary business and he was properly taxed under California Code of Regulations, title 18, section 17951-4, subdivision (c) (regulation 17951-4(c); undesignated regulation references are to this title). We reverse, holding that the Board did not demonstrate Garcia-Rojas operated a unitary business so the court erred when it concluded the Board was entitled to judgment as a matter of law under regulation 17951-4(c). We express no opinion as to whether the Board can tax Garcia-Rojas under a different legal theory.

## BACKGROUND

Garcia-Rojas is a radiologist who lives in Texas. In 2017, he agreed to work as an independent contractor for Stat Radiology Medical Corporation

---

[1] Subsequent references to Garcia-Rojas refer only to Xavier.

1

(StadRad).  Under the terms of the agreement, StatRad sent him imaging studies collected at medical facilities in California and other states.  From his Texas home, he read the images and submitted reports using StatRad's software.  StatRad required him to have medical licenses in 28 states, including California.  It paid all his licensing fees — except for Texas's — and provided him with hospital privileges and credentialing in each state.  It also provided him with the hardware necessary to read the images, along with a phone number, California mailing address, e-mail, training on how to use their software, and California malpractice insurance.

Each month, StadRad paid Garcia-Rojas for the images he reviewed.  According to its Internal Revenue Service form 1099s, he earned $305,261.43 in 2018, $410,120.51 in 2019, and $382,122.62 in 2020.  He filed a "Schedule C, Profit or Loss from Business (Sole Proprietorship)" form as part of his federal tax return.

In July 2019, the Board requested that Garcia-Rojas file a California tax return.  He filed returns for 2018, 2019, and 2020, paid the amounts requested by the Board, and then requested a refund.  The Board never responded.

In May 2023, Garcia-Rojas sued.  In September 2024, the trial court granted the Board's motion for summary judgment.  It ruled that, as "a matter of law," Garcia-Rojas "operated 'a sole proprietorship which carries on a unitary business' " and was thus subject to taxation under regulation 17951-4(c).  It concluded he "carried on as a unitary business" because he "ran the same type of business or functionally integrated enterprise in California and elsewhere," his "conduct within and without California was not so separate and distinct to qualify as separate business[]," and he "used

2

StadRad's software and other resources in the same manner notwithstanding which state report he worked on."

## DISCUSSION

Garcia-Rojas contends the trial court erred by granting the Board summary judgment because it did not demonstrate he "carried on a unitary business." We agree.

"A trial court properly grants a motion for summary judgment only if no triable issue exists as to any material fact and the defendant is entitled to judgment as a matter of law." (*Bailey v. San Francisco Dist. Attorney's Office* (2024) 16 Cal.5th 611, 620.) The "party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) We independently review a trial court's order granting summary judgment. (*County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 316.)

"Under the Personal Income Tax Law, California taxes the gross income of nonresident taxpayers 'derived from sources within this state,' i.e., California source income." (*J.P. Morgan Trust Co. of Delaware v. Franchise Tax Bd.* (2022) 79 Cal.App.5th 245, 265–266; Rev. & Tax. Code, §§ 17041, subd. (i)(1)(B), 17951.) "For purposes of computing the taxable income of a nonresident who has gross income from sources both within and without this state," "the income 'shall be allocated and apportioned under rules and regulations prescribed by the Francise Tax Board.'" (*J.P. Morgan*, at p. 266; Rev. & Tax. Code, § 17954.) "Under this legislative grant of 'rulemaking authority'" the Board enacted regulations "dealing with how to treat . . . nonresident income from a business, trade or profession," set

forth in regulation section 17951-4.  (*J.P. Morgan*, at p. 266.)  Under regulation 17951-4(c), if "a nonresident's business, trade or profession is *a sole proprietorship which carries on a unitary business,* trade, or profession within and without the state, the amount of net income derived from sources within this state shall be determined" in accordance with, as relevant here, the "Uniform Division of Income for Tax Purposes Act."  (Italics added.)

The Board did not demonstrate that Garcia-Rojas operated a unitary business, and the trial court thus erred by granting summary judgment on that basis.  (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 850.) In its moving papers, the Board did not cite any authority supporting its contention that a sole proprietor that engages in one business activity and receives compensation from one corporation — even when that corporation's clients are found both in and outside of California — is a unitary business. Nor here.  Although it cites various cases, none apply the unitary business theory to a single person or sole proprietorship engaging in one business activity.  (See, e.g., *Barclays Bank PLC v. Franchise Tax Bd.* (1994) 512 U.S. 298, 301–302, 307–308, 310 [member of "multinational banking enterprise" and parent company of "multinational manufacturing and sales enterprise" unitary with their scores of worldwide businesses]; *Butler Brothers v. McColgan* (1941) 17 Cal.2d 664, 665, 678 [corporation with "seven wholesale distributing houses at Chicago, Jersey City, Baltimore, Minneapolis, St. Louis, Dallas and San Francisco" operating "independently of each other" a unitary business]; *Edison California Stores v. McColgan* (1947) 30 Cal.2d 472, 474, 482 [corporation which was one of 15 subsidiaries in 15 states part of unitary business]; *A.M. Castle & Co. v. Franchise Tax Bd.* (1995) 36 Cal.App.4th 1794, 1798–1799 [business with "service centers throughout the United States" and "more than 1,300 employees" selling industrial metals

4

unitary with a wholly owned subsidiary of "70 employees" distributing "specialty metal"].)

Our research suggests that Garcia-Rojas does not operate a unitary business. Unitary business has a long "recognized meaning in California" — " ' "two or more business entities that are commonly owned and integrated in a way that transfers value among the affiliated entities. " ' " (*Bunzl Distribution USA, Inc. v. Franchise Tax Bd.* (2018) 27 Cal.App.5th 986, 991; *General Motors Corp. v. Franchise Tax Bd.* (2006) 39 Cal.4th 773, 779, fn. 3.) Here, Garcia-Rojas is operating — at most — a sole proprietorship engaging in one business activity. Our Supreme Court has never applied the theory to facts such as these. (See, e.g., *Microsoft Corp. v. Franchise Tax Bd.* (2006) 39 Cal.4th 750, 757 [software company and its worldwide subsidiaries were unitary business]; *John Deere Plow Co. v. Franchise Tax Bd.* (1951) 38 Cal.2d 214, 217, 221–222 [wholesaler selling "full line of agricultural machinery, implements, and tractors" with five "jobbing houses" in five states "unitary enterprise of Deere & Company"].) Neither have we or our sister courts. (See, e.g., *Harley-Davidson, Inc. v. Franchise Tax Bd.* (2018) 27 Cal.App.5th 245, 250 [enterprise comprised of commonly owned and functionally integrated businesses a unitary business]; *Dental Ins. Consultants, Inc. v. Franchise Tax Bd.* (1991) 1 Cal.App.4th 343, 346 [company and wholly owned subsidiary were unitary enterprise]; *Mole-Richardson Co. v. Franchise Tax Bd.* (1990) 220 Cal.App.3d 889, 892 [two corporations were unitary].)

The Board's contrary arguments fail to persuade. It relies on *Appeal of Bindley* (Cal. OTA, May 30, 2019, No. 18032402), but that decision is not binding on this court.[2] (*Yamaha Corp. of America v. State Bd. of*

---

[2] We grant the Board's request for judicial notice, filed November 18, 2025. (Evid. Code, § 452, subd. (c).)

*Equalization* (1998) 19 Cal.4th 1, 12.) Moreover, its reasoning is unconvincing. *Bindley* held that a "self-employed screenplay writer" in Arizona was a unitary business, and thus could be taxed under regulation 17951-4(c). (*Bindley*, at pp. 1, 4–5.) But in doing so, it focused on the tests to determine whether two *different* businesses are unitary. (*Bindley*, at pp. 4–5.) It ignored that there must be separate business activities to unite. (*Ibid.*; *Bunzl Distribution USA, Inc. v. Franchise Tax Bd.*, *supra*, 27 Cal.App.5th at p. 991.) The Board also relies on regulation 25120, subdivision (b), but that regulation states it applies only if there are "two or more businesses of a single taxpayer." (Capitalizations omitted.) Thus, the Board failed to show that Garcia-Rojas is a unitary business as a matter of law. (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 850.)

## DISPOSITION

We reverse the trial court's judgment and order granting summary judgment.[3] The matter is remanded for further proceedings consistent with this opinion. Appellants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

---

[3] Given our decision, we need not address Garcia-Rojas's remaining arguments.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.

A172054; *Garcia-Rojas v. Franchise Tax Bd.*

Superior Court of the City and County of San Francisco, Hon. Richard B. Ulmer, Jr.

Greenberg Traurig, Bradley R. Marsh, Shail Shah, Jennifer Vincent, Shauna E. Imanaka, for Plaintiffs and Appellants.

Rob Bonta, Attorney General, Tamar Pachter, Assistant Attorney General, Lisa W. Chao and Laura E. Robbins, Deputy Attorneys General, for Defendant and Respondent.