Filed 5/28/25  Porter v. County of Santa Clara Sheriff's Office CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MARK JAMES PORTER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF SANTA CLARA SHERIFF'S OFFICE,<br><br>    Defendant and Respondent. | H051865<br>(Santa Clara County<br> Super. Ct. No. 23CV411590) |
| MARK JAMES PORTER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF SANTA CLARA SHERIFF'S OFFICE,<br><br>    Defendant and Respondent. | H052052<br>(Santa Clara County<br> Super. Ct. No. 23CV411588) |

In two lawsuits, Mark Porter sued the County of Santa Clara[1] for personal injuries he sustained while incarcerated at Elmwood Correctional Facility in 2020, seeking compensatory and punitive damages.  The county demurred on grounds including that Porter's claims fell outside the two-year statute of limitations (See Code Civ. Proc.,

---

[1] The county was erroneously sued as the Santa Clara County Sheriff's Office.

§ 335) and that Porter failed to comply with the claims presentation requirements of the Government Claims Act (Gov. Code, § 945.4).[2] After sustaining initial demurrers with leave to amend, the trial court in both cases sustained the county's second demurrers, this time without leave to amend.

On appeal, Porter does not contend that the trial court misapplied the statute of limitations or the Government Claims Act (Gov. Code, § 810 et seq.). He instead argues the merits of his cause of action and suggests that the court erred in declining to review his proffered evidence and find the county liable for his injuries. Like the trial court, we will assume the truth of Porter's factual allegations in evaluating whether his complaint is legally sufficient. But the complaints on their face reflect neither timely filing nor timely presentation of Porter's state law claims, and his federal claims fail to state legally cognizable causes of action.

Accordingly, despite the seriousness of Porter's claims, we must affirm the orders of the trial court.

## I. BACKGROUND

### A. *Operative Complaints and Demurrers*

On March 1, 2023, Porter filed two complaints against the county for personal injury. The first complaint (case No. H051865) alleged that on October 29, 2020, three deputy sheriffs assaulted Porter by pepper-spraying him, twisting his hands and wrists, and kneeling on the back of his neck while he was handcuffed. The second complaint (case No. H052052) alleged that on five earlier dates, different deputies assaulted and retaliated against Porter for filing internal grievances. Both complaints sought compensatory and punitive damages. Porter voluntarily amended the complaints on March 16, 2023 to add claims for intentional tort and civil rights violations under title 42, United States Code, section 1983.

---

[2] Undesignated statutory references are to the Government Code.

2

The county demurred to each of the first amended complaints on grounds including that the claims fell outside the two-year statute of limitations for personal injury claims (Code Civ. Proc., § 335.1), and that Porter failed to timely comply with the claims presentation requirements of the Government Claims Act. The trial court in both cases sustained the demurrer on those grounds but granted Porter leave to amend.

### B. Operative Complaints and Demurrers

Porter subsequently filed the operative second amended complaints, alleging the same claims for personal injury and civil rights violations. Porter also added new claims for medical malpractice and violation of rights under the Americans with Disabilities and the Rehabilitation Acts. In one complaint, Porter alleged that he had remained in custody until August 3, 2021. Concurrently with both complaints, he moved to "suspend" the statute of limitations, citing his incarceration, mental illness, and the delayed onset of symptoms from the alleged assault and battery.

The county demurred again on the same grounds, and as to the new claims, contended that Porter failed to state cognizable claims. The county opposed Porter's tolling request.

The trial court again sustained the demurrers, concluding that Porter's claims were time-barred and failed to satisfy the Government Claims Act. The court denied Porter's request for tolling and this time declined further leave to amend.

Porter timely appealed.

## II. DISCUSSION

On appeal, Porter's contentions center on the trial court's purported refusal to review proffered evidence and to find the county substantively liable for his claims under state and federal law, but he does not address the fundamental pleading defects on which the trial court based its orders sustaining the county's demurrers. With his exclusive focus on the evidence supporting his claims and not on how he pleaded them in the operative complaints, we see no basis for reversing either judgment.

3

Despite our holding, we recognize the gravity of Porter's allegations, which we accept as true for purposes of this appeal. Our affirmance of the judgments of dismissal does not absolve the respondent county of its obligation to investigate complaints by members of the public of peace officer misconduct (see Pen. Code, § 832.5, subd. (a)(1) ["Each department or agency in this state that employs peace officers shall establish a procedure to investigate complaints by members of the public against the personnel of these departments or agencies"]), to oversee its officers' compliance with internal policies and procedures (including policies and procedures on the reasonable use of force), and to take corrective action when complaints of misconduct have been substantiated. We conclude only that with the specific procedural issues presented in this case, there is no basis to disturb the trial court's orders.

## A. *Standard of Review*

On appeal from an order sustaining a demurrer, we review the complaint independently to determine whether the plaintiff has alleged sufficient facts to state a cause of action. (*Panterra GP, Inc. v. Superior Court* (2022) 74 Cal.App.5th 697, 708 (*Panterra*).) Like the trial court, " '[w]e accept as true all properly pleaded material factual allegations of the complaint and other relevant matters that are properly the subject of judicial notice, and we liberally construe all factual allegations of the complaint with a view to substantial justice between the parties.' " (*Ibid*.) Our de novo review, however, typically extends only " ' "to issues . . . adequately raised and supported in plaintiffs' brief. [Citations.] Issues not raised in an appellant's brief are deemed waived or abandoned." ' '' (*Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1282; see also *WA Southwest 2, LLC v. First American Title Ins. Co.* (2015) 240 Cal.App.4th 148, 155 [accord].)

When a party asserts the statute of limitations as a basis for demurrer, the " ' "ultimate question for review is whether the complaint showed *on its face* that the action was barred by a statute of limitations." ' " (*Van de Kamps Coalition v. Board of*

*Trustees of Los Angeles Community College Dist.* (2012) 206 Cal.App.4th 1036, 1044 *(Van de Kamps)*.)  As for the Government Claims Act, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement [of the Act] subjects a claim against a public entity to a demurrer for failure to state a cause of action." (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239.)

### B.  Porter's Sole Claim of Error

As the county points out, Porter on appeal does not address the basis for the trial court's rulings—the untimeliness of his complaints or his noncompliance with the claims presentation requirements.  Nor does he address the alternative arguments the county raised in the trial court.  Rather, Porter contends only that the trial court erred in declining to review his proffered evidence of the deputies' use of force and his resulting injuries, arguing that the trial court consequently "erred in finding that [the county] did not violate [Porter's] civil rights, negligence, intentional tort, retaliation on a Demurrer."

But the court made no such findings.  The function of a demurrer is to " 'test[] only the legal sufficiency of the pleading,' " *not* to test " 'the truth of the plaintiff's allegations or the accuracy with which he describes the defendant's conduct.' " (*Bader v. Anderson* (2009) 179 Cal.App.4th 775, 787.)  " ' "A demurrer is . . . not the appropriate procedure for determining the truth of disputed facts," ' " so a hearing on a demurrer " 'may not be turned into a contested evidentiary hearing through the guise of having the court take judicial notice of documents whose truthfulness or proper interpretation are disputable.' " (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 113–114.)  The trial court accordingly assumed the truth of Porter's allegations and had no need to consider the evidence Porter proffered to support them.

Instead, the court in both cases found Porter's claims against the county to be barred as a matter of *law* rather than fact.  Put another way, the trial court in both cases sustained the county's demurrers and dismissed the action not because the court disbelieved Porter or doubted his ability to prove what he alleged about his treatment by

5

the county, but because it concluded that Porter acted too late in presenting his claims to the county and in filing his lawsuit.

### C. The Trial Court Properly Sustained the Demurrers

Porter does not challenge the trial court's application of the statute of limitations or Government Claims Act, which ordinarily results in forfeiture of these claims. (*Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 729, fn. 1.)  But given his self-represented status, the gravity of his claims, and more importantly, "our responsibility to independently review the trial court's order[s] sustaining the demurrer" (*ibid.*), we will explain why relieving him of his forfeiture would not advance either of his cases.

#### 1. Statute of Limitations

Our independent review of each claim set forth in Porter's complaint reflects that the " ' "complaint[s] showed *on [their] face*" ' " that the actions were time-barred.  (*Van de Kamps*, *supra*, 206 Cal.App.4th at p. 1044.)  In California, the statute of limitations for personal injury claims is two years.  (Code Civ. Proc., § 335.1.)  And a federal claim under title 42, United States Code, section 1983 is subject to the forum state's statute of limitation for personal injury torts—so, also two years.  (*Shalabi v. City of Fontana* (2021) 11 Cal.5th 842, 847.)

Porter alleges in case No. H051865 that he was assaulted and injured on October 29, 2020.  In case No. H052052, Porter alleges he was assaulted and retaliated against on three earlier dates.  At the latest, the statute of limitations on these claims expired on October 29, 2022.  Porter did not file suit until March 1, 2023.  Thus, absent tolling, both his state and federal claims are time-barred.[3]

---

[3] Under the Medical Injury Compensation Reform Act (MICRA; Civ. Code, § 3333.2 et seq.), Porter had to bring his medical malpractice cause of action within "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first."

Nor is Porter entitled to tolling on his state law claims based on imprisonment, mental incapacity, or the delayed onset of symptoms resulting from the alleged assault and battery.  Indeed, tolling on the former two bases is statutorily barred in actions against public entities.  (See Code Civ. Proc., §§ 352, subd. (b), 352.1, subd. (b) [tolling on the bases of imprisonment and mental incapacity does not apply to "an action against a public entity . . . upon a cause of action for which a claim is required to be presented in accordance with [the Government Claims Act]"].)  We similarly cannot accept Porter's reliance on a delayed onset of symptoms.  " ' "[T]he statute of limitations begins to run when the plaintiff suspects or should suspect that [his] injury was caused by wrongdoing, that someone has done something wrong to [him]." ' " (*Vaca v. Wachovia Mortgage Corp.* (2011) 198 Cal.App.4th 737, 743].)  Here, Porter concedes that his injuries "did occur on August 7, 2020[,] and October 29, 2020, and Mr. Porter did report it."  That the injuries lingered or worsened over time does not delay the accrual of the causes of action or postpone the running of the limitations period.[4]

### 2. *Government Claims Act*

Section 945.4 of the Government Claims Act provides that "no suit for money or damages may be maintained against a public entity unless a timely written claim has first been presented to it." (*N.G. v. County of San Diego* (2020) 59 Cal.App.5th 63, 72.)  A claim for an "injury to person" is timely if presented "not later than six months after the accrual of the cause of action." (§ 911.2, subd. (a); *N.G.*, at p. 72.)  A cause of action subject to the Act "must allege either that the plaintiff complied with the claims

---

(Code Civ. Proc., § 340.5; see also *Flores v. Presbyterian Intercommunity Hospital* (2016) 63 Cal.4th 75, 80.)  Porter, by his own admission, discovered his injuries on October 29, 2020, at the latest.  From that time, he had one year to bring his MICRA claim but did not do so.  His MICRA claim is also time-barred.

[4] While the statutory prohibitions on tolling do not appear to apply to Porter's federal claims, we will conclude in a subsequent section that those claims independently fail to state a legally cognizable cause of action.

presentation requirement, or that a recognized exception or excuse for noncompliance exists." (*Gong v. City of Rosemead* (2014) 226 Cal.App.4th 363, 374.) A plaintiff may allege compliance "by including a general allegation that he or she timely complied with the claims statute." (*Ibid.*; *Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1237.)

The most recent of Porter's injuries occurred on October 29, 2020, but he did not file a claim with the county for that injury until March 1, 2023, at the earliest.[5] And while the operative complaints alleged that Porter "complied with applicable claims statutes," the judicially noticeable fact of his dated claims presentation form (attached to his complaint in case No. H052052) permitted the trial court to disregard the allegation in ruling on the demurrers. (See *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 751 [holding that "a demurrer may be sustained where judicially noticeable facts render the pleading defective [citation], and allegations in the pleading may be disregarded if they are contrary to facts judicially noticed"]; *Panterra*, *supra*, 74 Cal.App.5th at p. 708 [holding that in reviewing an order sustaining demurrer, appellate court may " 'consider any exhibits to the complaint' "].)

Porter represents for the first time in his reply briefs that he submitted a "government claim form" by "hand[ing it] directly to [S]ergeant Bowe Shab badge #10415 along with other document complaints" in December 2020. But he did not allege this fact, produce a copy, or seek judicial notice of the pertinent document in the trial court—either in connection with his operative complaints or in seeking further leave to amend. Having failed to do so, he cannot rely on this fact for the first time on appeal. And even accepting this allegation as true, handing a government claim form to a deputy sheriff not tasked with handling or processing such claims would not satisfy the claims

---

[5] Though the claims presentation form Porter attached to his complaint in case No. H052052 was signed on March 1, 2023, the county requested that the trial court take judicial notice of a copy reflecting delivery to the county on April 28, 2023.

presentation requirements. (§ 915, subd. (a)(1), (2) [requiring presentation to "the clerk, secretary, or auditor" of the local public entity or "the governing body at its principal office" if presented by mail].)

The trial court correctly sustained Porter's state law claims on claims presentation grounds.

### 3. *Federal Claims*

Porter's complaint also alleged federal claims under title 42, United States Code, section 1983 and the Americans with Disabilities and the Rehabilitation Acts. Here, Porter has not pleaded sufficient facts to state a cause of action. (*Panterra*, *supra*, 74 Cal.App.5th at p. 708.)

A government entity cannot be sued under title 42, United States Code, section 1983 for an injury inflicted solely by its employees or agents. (*Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658, 694; *Perry v. County of Fresno* (2013) 215 Cal.App.4th 94, 105.) "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [section] 1983." (*Monell*, at p. 694.) In other words, "[t]o find a municipality liable under section 1983, a plaintiff must identify a municipal policy or custom that caused the constitutional injury." (*Harman v. City and County of San Francisco* (2006) 136 Cal.App.4th 1279, 1295.) Porter, in his complaints, fails to identify any such policy or custom; nor does he allege, as required, that the policy or custom "was the moving force behind the constitutional violation." (*Perry*, at pp. 105–106.) Instead, in support of his civil rights claim, Porter simply repeats his prior

allegations against the individual deputies.[6]  This does not suffice to state a cause of action under the statute.

Porter's claims under the Americans with Disabilities and the Rehabilitation Acts fail for similar reasons.  Porter does not allege, as is required under the Acts, that he is an individual with a disability, or that he qualified for a county service or benefit but was denied such service or benefit by reason of his disability.  (See *McGary v. City of Portland* (9th Cir. 2004) 386 F.3d 1259, 1265 [elements of claim under ADA]; *Duvall v. County of Kitsap* (9th Cir. 2001) 260 F.3d 1124, 1135–1136 [elements of claim under Rehabilitation Act].)  Those claims are also legally insufficient.

Having independently reviewed the complaints, we see no basis for disturbing the trial court's ruling sustaining the demurrer in each case.

### III.    DISPOSITION

The orders sustaining the county's demurrers without leave to amend in cases H051865 and H052052 are affirmed.  No costs are awarded on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

---

[6] Although Porter alludes to possible amendment to name the individual deputies as defendants, such an amendment would be time-barred.  (See *Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176 [noting "[t]he general rule . . . that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed"].)

_____
                                          LIE, J.

WE CONCUR:

_____
DANNER, Acting P. J.

_____
WILSON, J.

_Porter v. County of Santa Clara Sheriff's Office_
H051865, H052052